UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN F. VEGA,

       Plaintiff,

    v.                           Case No. 2:26-cv-304-KCD-NPM

FNU HORN,

       Defendants,

                                /

**ORDER DISMISSING CASE**

Plaintiff Juan F. Vega, a civilly committed resident of the Florida Civil Commitment Center (FCCC), brought this *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff generally alleges that Defendant Horn wrote a misleading disciplinary report based upon his (Horn's) misinterpretation of Plaintiff's comments. The complaint is before the Court for initial screening.

After careful review, the Court dismisses the amended complaint without prejudice because it does not state a claim on which relief may be granted.

**I. Complaint**

The facts from Vega's complaint are straight-forward. He alleges that two other residents of the FCCC had an argument on December 8, 2025. (Doc. 1 at 4). When a third resident attempted to intervene, Vega told him to "stay

1

out of it and mind your own business because there's over 600 residents and they can do what they want and who's going to stop them; the residents run this place so don't make matters [worse]." (*Id.* at 5). Defendant Horn overheard the comment and wrote a behavior management report against Vega. But Horn "changed the contents and meaning of the communication" to allege that:

> On December 8, 2025, [Vega] disrupted the normal operation of the facility by stating "There is over 600 residents, and they can do what they want because who's going to stop them the residents run this case."

(*Id.*) Vega was found guilty of "[i]nciting, attempting to incite, or participate in riots, strikes, mutinous acts, or disturbances by conveying [an] inflammatory, riotous, or mutinous communication by word of mouth, in writing, or by sign, symbol, or gesture." (*Id.* at 6).

Vega asserts that his comment to the other resident was speech protected by the First Amendment, which Defendant twisted to Vega's detriment. (*Id.*) He seeks compensatory and punitive damages. (*Id.* at 7).

## II. Legal Standards

Vega did not include the filing fee with his complaint, so the Court assumes that he wishes to proceed as a pauper. When a plaintiff seeks to proceed *in forma pauperis*, the district court must review the complaint and dismiss any claim that is frivolous, malicious, or fails to state a claim upon

which relief may be granted. 28 U.S.C. § 1915(e)(2).[1] The statute's mandatory

language provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof,
> that may have been paid, the court shall dismiss the
> case at any time if the court determines that-
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may
>         be granted; or
>
>   (iii) seeks monetary relief against a defendant
>         who is immune from such relief.

28 U.S.C. § 1915(e)(2)(A), (B).  A complaint should be dismissed as frivolous if

it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). And a claim is frivolous as a matter of law where, among other things,

the defendants are immune from suit or the claim seeks to enforce a right that

clearly does not exist. *Id.* at 327.

Section 1915(e)(2)(B)(ii) is governed by the same standard as Rule

12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d

1483, 1485 (11th Cir. 1997). As such, when screening a complaint under §1915,

well-pleaded factual allegations in the complaint are viewed as true and

---

[1] Although Vega is not a prisoner, his pleadings are subject to review under 28 U.S.C.
§ 1915(e)(2)(B). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

reasonable inferences are drawn in favor of the plaintiff. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). But mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

### III. Discussion

For starters, Vega's operative complaint is unsigned. This deficiency alone renders it subject to dismissal. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). However, the Court will not direct Vega to return a signed complaint because, as explained below, the facts alleged do not contain a viable claim.

First, Vega has not stated a First Amendment claim. As a civilly committed sexually violent predator, Vega simply does not have complete freedom to say whatever he wants. While "an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement," *Smith v. Mosely*, 532 F.3d 1270, 1276 (11th Cir. 2008), the right doesn't protect speech, such as Vega's inflammatory comments here, that could reasonably be interpreted to contain a threat or call for violence. In short, "an inmate's

First Amendment right to free speech is not protected if affording protection would be inconsistent with the inmate's status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.* at 1276.

Next, to the extent Vega seeks to raise a due process claim based on Defendant's allegedly misleading report, the filing of false disciplinary charges, standing alone, does not state a constitutional claim. The Constitution requires only that the plaintiff be afforded due process at the institutional hearing (on the allegedly false charge), which represents the plaintiff's opportunity to expose falsities or inaccuracies. *See Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986) (recognizing that the protections from actions such as false disciplinary reports are found in "the procedural due process requirements as set forth in [*Wolff v. McDonnell*, 418 U.S. 539 (1974)]"). Vega does not claim that he failed to receive due process at his disciplinary hearing where he could have explained his comments.

## IV.    Conclusion

Vega's complaint is subject to dismissal because it is unsigned and does not state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). And because the facts alleged here cannot give rise to a claim, amendment would be futile. Thus, the dismissal is without leave to amend. *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("[A] district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile.").

Accordingly, it is now **ORDERED**:

1.    Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to state a claim on which relief may be granted.

2.    The **Clerk** is directed to terminate any pending motions, close this case and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on June 2, 2026.


Kyle C. Dudek
United States District Judge